IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHELLE ROBINSON**  **PLAINTIFF**
**ADC #712548**

v.   Case No. 3:22-CV-00219-LPR

**DAVID LUCAS, Sheriff,**
**Jackson County Jail**  **DEFENDANT**

## ORDER

Plaintiff Michelle Robinson moves for the appointment of counsel.[1] While a *pro se* litigant has no constitutional or statutory right to counsel, the Court may, in its discretion, appoint counsel where an indigent plaintiff has brought a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."[2] In making this decision, the Court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."[3] After considering these factors, the Court finds that Ms. Robinson is capable of representing herself at this time. This case is young, and Ms. Robinson's claims do not appear to be legally or factually complex.[4] Ms. Robinson's motion is DENIED without prejudice to re-filing at a later stage of litigation.

IT IS SO ORDERED this 21st day of September 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] Mot. to Appoint Counsel (Doc. 13).

[2] *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

[3] *Id.* (quoting *Phillips v. Jasper Cnty. Jail*, 437 F.3d 790, 794 (8th Cir. 2006)).

[4] Additionally, it does not appear Ms. Robinson has made the necessary attempts to secure her own attorney.